**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NOR T. THOMAS, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-0825-CVE-PJC** |
| | ) | |
| **ROBERT EZELL, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

On December 28, 2010, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1).  On January 4, 2011, Petitioner paid the $5.00 filing fee. For the reasons discussed below, the Court finds the petition should be dismissed for lack of jurisdiction as a second or successive petition filed without prior authorization from the Tenth Circuit Court of Appeals.  It is unnecessary to transfer this petition to the Tenth Circuit because Petitioner's claim is barred by the one-year statute of limitations.

### *BACKGROUND*

On January 19, 2005, Petitioner Nor T. Thomas, Jr., was convicted on his blind plea of guilty of Robbery With a Weapon, After Former Conviction of Two Felonies, in Washington County District Court, Case No. CF-2004-513. On that same date, the trial judge sentenced Petitioner to the minimum sentence of twenty (20) years imprisonment, as provided under Oklahoma's general enhancement statute, Okla. Stat. tit. 21, § 51.1.

On January 24, 2005, Petitioner filed a motion to withdraw his guilty plea. On March 4, 2005, the trial court judge conducted a hearing on the motion to withdraw plea. At the conclusion of the hearing, the motion to withdraw plea of guilty was denied.  Petitioner perfected a *certiorari*

appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). On January 18, 2006, in Case No. C-2005-250, the OCCA entered its unpublished summary opinion denying the petition for writ of *certiorari*.

On June 16, 2006, Petitioner filed his first application for post-conviction relief in the state district court. By order filed November 8, 2006, the state district court denied post-conviction relief. Petitioner appealed to the OCCA. By Order filed February 20, 2007, the OCCA affirmed the denial of post-conviction relief. On March 31, 2010, Petitioner filed his second application for post-conviction relief in order to exhaust state remedies for the single claim raised in the instant petition.[1] The state district court denied relief on July 21, 2010. Petitioner states that on October 26, 2010, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 1.

This is Petitioner's second petition for writ of habeas corpus filed in this federal district court challenging the same Washington County conviction. On September 20, 2010, Petitioner's prior petition, N.D. Okla. Case No. 07-CV-180-GKF, was denied. Judgment in favor of Respondent was entered September 20, 2010. Petitioner did not filed a notice of appeal in that case and the deadline for filing a timely notice of appeal has passed.[2] See Fed. R. App. P. 4(a) (providing that a notice of appeal must be filed with the district clerk within 30 days of the entry of the judgment).

Now, Petitioner again seeks habeas corpus relief from his conviction entered in Washington County District Court, Case No. CF-2004-513. He raises one claim: that his right to due process

_____

[1]Information obtained from "On Demand Court Records," http://www1.odcr.com/detail.php? Case=074-CF%20%200400513&County=074-.

[2]Although Petitioner states in his petition that he has filed a notice of appeal in Case No. 07-CV-180-GKF-PJC, the docket sheet for that case reflects that nothing has been filed of record since entry of judgment on September 20, 2010.

was violated when he was not informed of the "85% Rule" when he entered his blind plea of guilty. See Dkt. # 1.

## ANALYSIS

Because the Court has previously considered a habeas corpus challenge by Petitioner to his conviction entered in Washington County District Court, Case No. CF-2004-513, this is a second or successive habeas corpus petition. Under 28 U.S.C. § 2244(b)(1), a petitioner is required to obtain authorization from the circuit court of appeals before filing second or successive petition in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Petitioner in this case did not comply with the provisions of § 2244(b) and filed his petition without obtaining prior authorization from the Tenth Circuit. As a result, this Court lacks jurisdiction to address the merits of the claim asserted in the second or successive petition. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim

will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

After review of the petition filed in this case, the Court finds that the petition is time-barred and that, as a result, it would be a waste of judicial resources to transfer the petition to the Tenth Circuit. In the petition, Petitioner acknowledges that he first learned that the 85% Rule applied to his sentence when he "was advised [by Department of Corrections officials] at the reception stage." Petitioner was received into custody of the Department of Corrections (DOC) on February 17, 2005.[3] He did not raise his claim based on the 85% Rule until he filed his second application for post-conviction relief more than five (5) years later, on March 31, 2010. Unless Petitioner is entitled to statutory or equitable tolling of the limitations period, the claim raised in this habeas corpus action is clearly time-barred.[4]

Nothing provided by Petitioner indicates that he is entitled to either statutory or equitable tolling of the one-year limitations period.  Under 28 U.S.C. § 2244(d)(2), the one-year period is tolled during the pendency of a state application for post-conviction relief.  However, Petitioner's

---

[3]Information obtained from the DOC website, http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=247012&offender_book_id=137979.

[4]Even if the claim were not time-barred, it is without merit.  Parole eligibility is a collateral consequence of a plea and a state court's failure to inform the defendant of a collateral consequence does not render a guilty plea unknowing or involuntary.  See Hill v. Lockhart, 474 U.S. 52, 55 (1985) (court's failure to inform defendant at plea hearing of his parole eligibility does not offend a federal constitutional right); Perkis v. Sirmons, 201 Fed.Appx. 648, 652 (10th Cir. 2006) (unpublished).

4

second application for post-conviction relief was filed more than a year after his reception into DOC custody and, as a result, does not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding that a collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations). Furthermore, the pendency of the prior federal habeas corpus petition did not toll the limitations period under 28 U.S.C. § 2244(d)(2). Cf. Duncan v. Walker, 533 U.S. 167, 181 (2001).

Equitable tolling of the limitations period applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). More than five (5) years passed between Petitioner's reception into DOC custody and the presentation of this habeas claim to the state courts. That length of time is not consistent with diligence. Petitioner is not entitled to equitable tolling. His petition is untimely.

Because the claim asserted in this second or successive petition for writ of habeas corpus is time-barred, the Court finds it would be a waste of judicial resources to transfer this matter to the Tenth Circuit for authorization. Therefore, the petition shall be dismissed for lack of jurisdiction.

**ACCORDINGLY IT IS HEREBY ORDERED** that:

1.   The petition for writ of habeas corpus (Dkt. # 1) is **dismissed** for lack of jurisdiction as a
     second or successive petition filed without prior authorization from the Tenth Circuit Court
     of Appeals.

2.   This is a final Order terminating this action.

**DATED** this 6th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT